FILED
2014 Jul-23  AM 10:20
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

AMY BRANNON ROGERS,           )
                              )
        Plaintiff,            )
                              )
vs.                           )        Civil Action No.
                              )        5:13-CV-01448--LSC
CAROLYN W. COLVIN,            )
Commissioner of Social Security,  )
                              )
        Defendant.            )

## MEMORANDUM OPINION

## I.    Introduction

The plaintiff, Amy Brannon Rogers, appeals from the decision of the
Commissioner of the Social Security Administration ("Commissioner") denying her
applications for a period of disability, Supplemental Security Income ("SSI") and
Disability Insurance Benefits ("DIB"). Ms. Rogers timely pursued and exhausted her
administrative remedies and the decision of the Commissioner is ripe for review
pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. Rogers was 41 years old at the time of the Administrative Law Judge's
("ALJ's") decision, and she has completed the twelfth grade. (Tr. at 32, 140.) Her

past work experiences include employment as a home health aide and a sewing machine operator. (Tr. at 32, 51, 53.) Ms. Rogers claims that she became disabled on February 16, 2010 due to back and arm problems, Bells palsy and high blood pressure. (Tr. at 21, 112, 114, 43-44, 139.)

When evaluating the disability of individuals over the age of eighteen, the regulations prescribe a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The first step requires a determination of whether the claimant is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he or she is, the claimant is not disabled and the evaluation stops. *Id.* If he or she is not, the Commissioner next considers the effect of all of the physical and mental impairments combined. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). These impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id.* The decision depends on the medical evidence in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971). If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20

C.F.R. pt. 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the claimant's impairments fall within this category, he or she will be found disabled without further consideration. *Id.* If they do not, a determination of the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step. 20 C.F.R. §§ 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still do his or her past relevant work, the claimant is not disabled and the evaluation stops. *Id.* If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step. *Id.* Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v) 416.920(a)(4)(v). If the claimant can do other work, the claimant is not disabled. *Id.*

Applying the sequential evaluation process, the ALJ found that Ms. Rogers does not meet the nondisability requirements for a period of disability. (Tr. at 23, Finding 1.) The ALJ further determined that Ms. Rogers has not engaged in substantial gainful activity since the alleged onset of her disability, February 16, 2010. (*Id.*, Finding 2.)

The ALJ found at step two that Plaintiff had severe impairments of degenerative disk disease and status post anterior and posterior lumbar fusion. (*Id.,* Finding 3.) However, he found that these impairments neither meet nor medically equal any of the listed impairments in Appendix 1, Subpart P, Regulations No. 4. (Tr. at 28, Finding 4.) The ALJ did not find Ms. Rogers's allegations to be totally credible, and he determined that she has the following residual functional capacity: light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b); she would need the option to sit and stand during the workday for 1 to 2 minutes every hour or so, and she can sit for no more than 1 hour at one time before needing to get up, stand for 45 minutes at one time before needing to sit down or walk around, and she can sit, stand, and walk for at least 6 hours total in 8-hour working day with normal breaks in the morning, lunch, and afternoon; she can frequently balance and perform fine fingering and gross handling with her upper right extremity, and occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs; she is limited to performing occupations that do not require climbing ropes, ladders, or scaffolds; and she can never be around unprotected heights. (Tr. at 28, Finding 5.)

According to the ALJ, Ms. Rogers is unable to perform any of her past relevant work, she is a "younger individual," and "at least a high school education" as those

terms are defined by the regulations. (Tr. at 32, Findings 6, 7 and 8.) He determined that the transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills." (See Social Security Ruling 82-41 and 20 CFR 404, Subpart P, Appendix 2)." (Tr. at 32, Finding 9.) Considering Ms. Rogers' age, education, work experience and residual functional capacity, the ALJ found that there are jobs that exist in significant numbers in the national economy that she can perform, such as cashier, ticket seller, and storage rental clerk, (Tr. at 33, Finding 10.) The ALJ concluded his findings by stating that Plaintiff "was not under a 'disability,' as defined in the Social Security Act, from February 16, 2010, through the date of this decision (20 CFR 404.120(g) and 416.920(g)." (Tr. at 33-34, Finding 11.)

II.    Standard of Review

        This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219,

1221 (11th Cir. 2002). The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* " The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence. *Miles*, 84 F.3d at 1400. No decision is automatic, however, for " despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.    Discussion

Ms. Rogers filed the instant action for judicial review in this Court on August 6, 2013. (Doc. 1.) *See* 42 U.S.C. § 405(g). She claims the ALJ's adverse decision is "not based upon substantial evidence and that improper legal standards were applied." (Doc. 1, p. 2.) Ms. Rogers, however, failed to submit any brief, argument, list of authorities, or statement in support of her claims. The Commissioner submitted a brief (Doc. 9), and Ms. Rogers did not submit a reply. Deadlines for submissions have passed, and the issues in this case are now ripe for decision. Ms. Rogers has failed to point to any errors in the ALJ's opinion despite the fact that she has had three opportunities to do so: (1) her complaint, (2) an initial brief in support of her claim, and (3) a reply to the Commissioner's brief.

Nonetheless, this Court has thoroughly reviewed both the ALJ's opinion and the entire evidentiary record. Based upon that evaluation, the Court concludes that the ALJ's decision applies the proper legal standards and is supported by substantial evidence. The ALJ did not err when he concluded that Ms. Rogers is not disabled.

IV.    Conclusion

Upon review of the administrative record, and considering all of Ms. Rogers's arguments, the Court finds the Commissioner's decision is supported by substantial

evidence and in accord with the applicable law. A separate order will be entered.

Done this 23rd day of July 2014.

L. Scott Coogler
United States District Judge

[160704]